P. R. READ *et al., Appellants,* v. W. E. LEITNER *et al., Appellees.*

Opinion Filed October 19, 1920.

Petition for Rehearing Denied November 12, 1920.

Where the head of a family residing in this State lives with his family as their home on premises owned by him, and for purposes of business and education, temporarily removes his family to another place, with an intent to return to the home place, and without relinquishing such intent, eventually returns with his family to their home place and occupies it as a homestead before executions are levied on it under judgments obtained during the temporary absence of the family from the home place, the property is exempt from forced sale for the owner's obligations not covered by those mentioned in the homestead Article of the Constitution, the homestead character of the property not being lost by abandonment, the place having been actually occupied as the home, and the circumstances of the absence therefrom being consistent with a continued intent to return to and to occupy and claim the place as the family home.

An Appeal from the Circuit Court for DeSoto County; John S. Edwards, Judge.

Decree reversed.

*Timberlake & Robbins,* for Appellants;

*Sumter Leitner,* for Appellees.

WHITFIELD, J.—It appears that P. R. Read owned in DeSoto County, Florida, not exceeding 160 acres of land not within the limits of any incorporated city or town, upon which he lived with his family, consisting of a wife

and children; that he moved with his family to the city of Arcadia, in DeSoto County, where he remained some time engaged in business, his children attending school in the city; that subsequently he moved with his family back to the homestead in the county; that later he again moved with his family to the same city where for several years he engaged in business and his children attended school; that during the latter period he voted in the city, but frequently visited the country place formerly occupied as his homestead and gave periodical attention to the up-keep of the place, which was occupied by a tenant, at least a portion of the time, during which period the house that had been occupied by the family burned and another house was erected on the place for residence purposes and so occupied; that during the time Read and his family were living in the city in a house owned by his wife, judgments were obtained against him, but before executions under the judgments were levied on the said country place and before a sale of the place under the judgments and executions, Read, with his family, moved again to and occupied as his home the country property that had been his place of actual residence and homestead place, he testifying that he never intended to permanently abandon the place as his home.

The court adjudged that the said country place had been abandoned as the homestead and that a sale of the place under the executions should proceed. An appeal was taken.

The Constitution contains the following provision:

"A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thou-

sand dollars' worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. But no property shall be exempt from sale for taxes or assessments, or for the payment of obligations contracted for the purchase of said property, or for the erection or repair of improvements on the real estate exempted, or for house, field or other labor performed on the same. The exemption herein provided for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner; and no judgment or decree or execution shall be a lien upon exempted property except as provided in this article." Sec. 1, Article X, Constitution of 1885.

It does not appear that the judgments against Read were on account of the homestead "for taxes or assessments, or for the payment of obligations contracted for the purchase of said property, or for the erection or repair of improvements on the real estate exempted, or for house, field or other labor performed on the same," therefore if the homestead rights in the country property had not been abandoned by the absence of the family therefrom under the circumstances above stated, the judgments obtained against Read while he actually resided in the city created no liens on the property.

The homestead exemption rights were impressed upon the property before the judgments were obtained against the owner who is the head of a family residing in this State; and before an intentional abandonment of the duly acquired homestead rights in the property clearly appears, the owner with his family again occupy the

property, claiming that it has remained and it is their home place, before it is proceeded against for sale under executions upon the judgments.

The homestead exemption rights in the property having been duly acquired before the judgments were rendered, unless an intentional and actual abandonment, of the exemption rights clearly appear, the property is not subject to liens under the judgments; and when the owner with his family after an absence for business and school purposes again occupy the property, claiming that he has not abandoned his homestead rights therein, a forced sale of the property under executions issued on the judgments is a violation of the organic homestead rights.

The purpose of the homestead law is to secure from forced judicial sale, except in particular instances, the owner's interest or property right in a stated quantity of real estate occupied by the owner or his family as their home place, or having occupied it still claim it as their homestead, though they temporarily reside at another place in the State for purposes of business, education, health or family comfort. The Constitution does not expressly require the owner of a homestead or his family to occupy the home place that may be exempt from forced sale, but the word "homestead" implies occupancy as the home place, though having once in good faith been occupied as the home place, it is not essential that the occupancy should be continuous, provided the intent to return to it as the homestead continues, and the absence therefrom is reasonably shown to be for the temporary benefit of the family. Having once occupied the place as a homestead, the period of absence and the use of the place must be consistent with a bona fide intent to return and with the purpose of the absence, all the relevant cir-

37—Vol. 80

cumstances being evidentiary in determining each case on its merits. Homestead laws should be liberally applied in the interest of the family home; but the law should not be used to *defraud* creditors. See Clark v. Cox, 80 Fla., 85 South. Rep. 173.

Decree reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.