Randy Miller Executive Director Department of Revenue Tallahassee
QUESTIONS:
1. Is it necessary for all persons, including military personnel, to have ever resided in a home in order for it to be impressed with homestead status?
2. If a serviceperson is assigned by military orders to government quarters (it is not mandatory that the serviceperson reside in such quarters), is it necessary for that person to have ever resided in a home (located in the same county in which the person is stationed) in order for it to be impressed with homestead exemption?
3. Can the real property of a serviceperson be impressed with homestead status when it has been continuously occupied by a tenant of the serviceperson from the date of the property's acquisition by the serviceperson through January 1 of the year for which homestead exemption is claimed?
SUMMARY:
It is necessary for all persons, including military personnel, who own real property, or those persons who are legally or naturally dependent upon such owners, to occupy the real property as a permanent home or place of residence in order for the owner thereof to be entitled to the constitutional homestead exemption from taxation.
Your first question is answered in the affirmative, and the remaining questions are, therefore, rendered moot.
The answers to your questions involve the interplay of the homestead exemption statutes, the constitutional provisions relating thereto, and the rules of the Department of Revenue.
At the outset it is important to note that it is an elemental part of the tax law of Florida that, in order to qualify for the benefit of a tax exemption, the person seeking the exemption must clearly bring himself within the requirements and scope of the law granting the exemption. See Green v. Pederson, 99 So.2d 292 (Fla. 1957). While doubtful language in taxing statutes should be resolved in favor of the taxpayer, the reverse is applicable in the construction of exceptions and exemptions from taxation. United States Gypsum Company v. Green, 110 So.2d 409 (Fla. 1959); Straughn v. Camp, 293 So.2d 689 (Fla. 1974); State v. Thompson,101 So.2d 381 (Fla. 1958); and Lake Garfield Nurseries Company v. White, 149 So.2d (2 D.C.A. Fla., 1963).
Further, it must be pointed out that the questions you ask are mixed questions of law and fact and must be determined in the first instance by the property appraiser; a decision to grant or deny a homestead exemption may not be made by this office. Attorney General Opinions 058-329, 072-154, and 074-115. Of necessity, therefore, your questions will be dealt with in a general manner, and my answer will be limited to a discussion of the law as it relates to the determination which must be made by the property appraiser pursuant to ss. 196.131, 196.141, and196.151, F. S. 1977.
From your inquiry and other data and correspondence attached thereto, it is apparent that the claimant in question has never resided on, or maintained his permanent place of residence on, the property sought to be exempted. I assume further that the property has been at all times rented to and occupied by third-party tenants, if not from the time of acquisition by the claimant, then for some lengthy period of time. I am not advised as to any dependents of the claimant who are residing, or who have ever resided, on the property as their permanent place of residence. It is against this backdrop that you inquire of the necessity for a homestead exemption claimant `to have ever resided in a home,' or on the real property in question, in order for it to be impressed with homestead status for homestead tax exemption purposes.
Rule 12D-7.07(1), F.C.A., promulgated by the Department of Revenue, sets forth the requirement that, for a person `to make a certain parcel of land his permanent home he must reside thereon
with a present intention of living there indefinitely . . . .' (Emphasis supplied.) For purposes of your inquiry, the term `permanent home' does not differ materially from the term `permanent residence' as used in the 1968 Constitution. The rule employs the term `to reside thereon (a certain parcel of land)' which conveys a meaning that does not materially differ from the meaning of the term `maintain thereon (real estate)' as used in s. 6, Art. VII, State Const., i.e., the owner of the real propertykeeps thereon his permanent residence or makes the same his permanent place of residence.
This same similarity is found when s. 196.031, F. S. 1977, is compared to the provisions of the 1885 Constitution and the 1968 Constitution relating to homestead exemptions.
Section 196.031(1), F. S. 1977, reads in pertinent part:
 Every person who has the legal title or beneficial title in equity to real property in this state and who resides thereon and in good faith makes the same his or her permanent home . . . shall be entitled to an exemption . . . . (Emphasis supplied.)
This language is the same as that contained in the homestead exemption provision of the 1885 Constitution. The relevant part of the statute, as amended, has remained materially unchanged since its passage under the 1885 Constitution and is presumptively valid and must be given effect until the courts determine otherwise.See, e.g., Evans v. Hillsborough County, 186 So. 193 (Fla. 1938). Like Rule 12D-7.07(1), F.A.C., the statute requires homestead exemption claimants to `reside(s) thereon (the real property).'
In the case of Read v. Leitner, 86 So. 425, 426 (Fla. 1920), the court was construing s. 1, Art. X of the 1885 Constitution, which exempted homesteads from forced judicial sale. In that case the court stated:
 The Constitution does not expressly require the owner of a homestead . . . to occupy the home place that may be exempt . . . but the word `homestead' implies occupancy as a home place . . . . (Emphasis supplied.)
Likewise, I feel, the language of s. 6(a), Art. VII, State Const., `and maintains thereon the permanent residence of the owner or another legally or naturally dependent upon the owner . . . .', implies occupancy as a permanent home or place of residence of the owner or his dependents. Such occupancy, therefore, seems essential to the establishment of a homestead and, it follows, the entitlement to a homestead exemption from taxation.
Section 6, Art. VII, State Const., in pertinent part, also requires that the owner of real property claiming an exemption from taxation `maintain(s) thereon the permanent residence of the owner . . . .' (Emphasis supplied.)
It has long been held in Florida that words used in constitutional provisions are to be construed in their usual and ordinary sense unless the tax in which they are used implies or suggests that their usage is technical in nature. See, e.g., Wilson v. Crews,34 So.2d 114 (Fla. 1948), and Gaulden v. Kirk, 47 So.2d 567 (Fla. 1950). It does not appear that anything other than the usual and ordinary meaning of the words `maintain(s),' `permanent,' and `residence' was intended by Art. VII of the Constitution.
The noun `residence' in its usual and ordinary sense means the place in which one lives or resides, a dwelling or home. TheRandom House Dictionary of the English Language, the unabridged ed., p. 1220. It is further defined as where a person actually dwells, a fixed and permanent abode. 77 C.J.S. Residence, p. 289, at 299-301.
`Residence' is modified by the adjective `permanent' which connotes a substantial or indefinite period of time as contrasted to a temporary state. 70 C.J.S. Permanent, p. 560, et seq., TheRandom House Dictionary of the English Language, supra, p. 1073.
The word `maintain' is one of broad meaning. Oftentimes its meaning depends upon the intention of the parties and the context in which it is used. It has been held to be a word of `broad and comprehensive meaning, having no precise legal significance and no technical meaning.' 54 C.J.S. Maintain, p. 897 at 898. In the context used by the Constitution, however, it would seem that the most appropriate meaning of the word contemplates the preserving or keeping of something already in existence, and, therefore, something must already be in existence before it can be maintained. 54 C.J.S. Maintain, at 898. See also definitions of `keep' in Black's Law Dictionary (4th Rev. ed.), p. 1006 and `maintain,' p. 1105.
This reasoning appears to indicate, absent judicial determination to the contrary, that the wording used in s. 196.031, F. S. 1977, which, as noted above, tracks the wording of the 1885 constitutional provision relating to homestead exemption, is not inconsistent with, and, therefore, not repugnant to, the provisions of s. 6, Art. VII, State Const. This reasoning appears to have been expressed by my predecessor in AGO 074-115, which states, inter alia, that both military personnel and civilians must satisfy the permanent residence requirement of the Constitution and the statutes before a homestead exemption may be granted; therefore, military personnel stationed in Florida may qualify for the homestead exemption provided they establish the homestead as their permanent residence. See also AGO 063-33 concluding that:
 . . . [a] member of the military service who had purchased a parcel of property, located in the state, but never occupied said property, would not be entitled to the homestead tax exemption in light of the provisions of s. 7, Art. X, State Const.
In summary, therefore, it is my opinion that, unless and until the courts of this state determine to the contrary, it is necessary for all persons (including military personnel) who own real property, or those persons who are legally or naturally dependent upon such owners, to occupy the real property as a permanent home or place of residence in order for the owner thereof to be entitled to the homestead exemption from taxation granted by s. 6, Art. VII, State Const.
Prepared by:
William D. Townsend Assistant Attorney General