**In re Charles Emile BOUCHER, Debtor.**

**Bankruptcy No. 80–730–BK–J–GP.**

United States Bankruptcy Court,
M. D. Florida,
Jacksonville Division.

Feb. 12, 1981.

Edward P. Jackson, Jacksonville, Fla., for creditors.

Donald W. Matthews, Jacksonville, Fla., for debtor.

Victor E. Raymos, Jacksonville, Fla., for Trustee.

## ORDER OVERRULING OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS

GEORGE L. PROCTOR, Bankruptcy Judge.

The testimony on this issue is undisputed. For the past 36 years, the debtor has owned certain real property located at 1438 and 1442 Cassat Avenue, Jacksonville, Florida. The property is located outside the former municipal limits of the City of Jacksonville, and has since been included within the municipal limits of Jacksonville. During a period from 1971 through 1975, a portion of this property was leased by the debtor to a corporation.

Article X, Section 4(a)(1) of the Florida Constitution provides as follows:

A homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family.

Creditors contend that the act of leasing the property to a corporation is legally tantamount to a consent to a reduction of homestead.

Neither counsel nor the Court have been able to find cases construing these words. The Court is of the opinion that the type of consent meant by this constitutional provision requires either an affirmative step positively evidencing an intent to reduce one's homestead acreage or conduct that may be construed as abandonment of the property as homestead.

So long as they are not interpreted in such a manner as to become instruments of fraud, the Florida homestead exemption laws should be interpreted liberally . . ., and exceptions to these laws should be strictly construed. *Monson v. First National Bank of Bradenton*, 497 F.2d 135 (5th Cir. 1974). There has been no evidence adduced that the debtor signed a legal document or otherwise declared an intention to reduce

the size of his homestead. Nor has his use of the property or his conduct been such that would legally operate as a consent to a reduction. Whether a homestead, particularly one which is also used for business purposes, has been abandoned is a question that must be determined by examination of all the facts and circumstances of the case. *Olesky v. Nicholas*, 82 So.2d 510 (Fla.1955). The Court has reviewed the abandonment cases in Florida and does not find that the debtor's conduct amounted to an abandonment.

Wherefore, in view of the foregoing, the creditors' objection to the debtor's claim of exemptions is overruled.