864 So.2d 458 (2003)
Carolyn DAVIS, Appellant,
v.
Horace Edwin DAVIS, Appellee.
No. 1D02-3366.
District Court of Appeal of Florida, First District.
December 24, 2003.
Rehearing Denied February 4, 2004.
Janet A. Carver, Fernandina Beach, for Appellant.
Daniel S. Brim, Fernandina Beach, for Appellee.
ALLEN, J.
This case requires us to decide whether a Florida homestead not located within a municipality and consisting of no more than 160 acres of contiguous land and improvements thereon may include a portion of such land and improvements which is separate from the residence of the owner or the owner's family. Concluding that the separate portion may be part of the homestead as defined in article X, section 4 of the Florida Constitution, we reverse the trial court's ruling to the contrary.
The appellant's husband, Horace Davis, died testate on August 17, 2000. At the time of his death, Mr. Davis and the appellant resided on real property consisting of less than 160 acres of contiguous land owned by Mr. Davis and located in an unincorporated portion of Nassau County. On a portion of the property separate from his residence, Mr. Davis operated a mobile home park.
*459 When administration of Mr. Davis's estate was subsequently commenced, the appellant petitioned to have the entire tract of land and improvements thereon declared homestead under article X, section 4, thereby precluding devise of the land and improvements under Mr. Davis's will[1] and requiring that the land and improvements descend in accordance with section 732.401(1), Florida Statutes (2000).[2] The appellee, as personal representative of Mr. Davis's estate, did not raise any objection to the designation of a portion of the land and improvements as homestead, but he contended that the portion of the land and improvements being utilized to produce rental income as a mobile home park was not homestead property. Relying upon the language of article X, section 4, he contended that only the portion of the property upon which the appellant and Mr. Davis had actually resided could be properly considered homestead property. Apparently agreeing with the appellee's argument, the trial court entered an order by which the court ruled that the property upon which the mobile home park was located was not homestead property. This appeal is from that order.
Article X, section 4 specifies, in relevant part, that the maximum physical extent of Florida homesteads shall be
if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family....
The appellant argues that the trial court erred by relying upon the concluding clause of the above-quoted passage to limit the homestead in the present case to that portion of the property upon which she and Mr. Davis actually resided, because the clause applies only to a homestead located within a municipality. The appellee responds that the language by which a homestead is limited to the actual residence of the owner or the owner's family applies equally to all homesteads.
Language similar to that found in article X, section 4 of the current constitution has appeared in Florida constitutions for well over a century. Article IX, section 1 of the 1868 constitution provided that the maximum physical extent of exempt homesteads would be
to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, ... The exemption herein provided for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner.
The provision was renumbered as article X, section 1 in the 1885 constitution, but remained materially unchanged.
*460 When interpreting the 1868 and 1885 homestead provisions, the supreme court consistently concluded that the language limiting the homestead to the "residence and business house of the owner" was inapplicable to homesteads located outside municipalities. Buckels v. Tomer, 78 So.2d 861 (Fla.1955); Armour & Co. v. Hulvey, 73 Fla. 294, 74 So. 212 (1917); McDougall v. Meginniss, 21 Fla. 362 (1885); accord Fort v. Rigdon, 100 Fla. 398, 129 So. 847 (1930). In construing the 1885 constitution, the supreme court found it significant that the framers maintained the same language as contained in the 1868 provision despite the liberal interpretation afforded the prior version by the courts. Armour, 74 So. at 214.
Like the language of the 1885 constitution, the language defining the extent of homesteads under the current constitution contains no substantive change pertinent to the issue presented in the present case. Although a homestead within a municipality is now limited to "the residence of the owner or the owner's family," rather than to "the residence and business house of the owner," this change does not affect our analysis. And even though all of the language defining the extent of homesteads now appears in a single sentence, a semicolon serves to grammatically separate the language expressing the extent of a homestead outside a municipality from the language limiting a homestead within a municipality to the residence of the owner or the owner's family.
Giving article X, section 4 a plain reading, and also a reading consistent with decisional law under prior constitutions, we hold that the language limiting homesteads within municipalities to the residence of the owner or the owner's family does not apply to homesteads located outside municipalities. Because the trial court's ruling in this case was apparently based upon an erroneous reading of the relevant constitutional language, the order under review is reversed and this case is remanded.
DAVIS and BENTON, JJ., concur.
NOTES
[1] Article X, section 4(c) provides, in relevant part, that "[t]he homestead shall not be subject to devise if the owner is survived by spouse or minor child ..."
[2] Section 732.401(1) (2000) provided:

732.401 Descent of homestead. 
(1) If not devised as permitted by law and the Florida Constitution, the homestead shall descend in the same manner as other intestate property; but if the decedent is survived by a spouse and lineal descendants, the surviving spouse shall take a life estate in the homestead, with a vested remainder to the lineal descendants in being at the time of the decedent's death.