**In re Nancy Jane RADTKE, Melvin Frank Radtke, Debtors.**

**No. 05–30640–BKC–SHF.**

United States Bankruptcy Court, S.D. Florida.

March 9, 2006.

Order Denying Reconsideration May 1, 2006.

---

Wendy F. Young, Palm City, FL, for debtors.

Noreen Wiscovitch–Rentas, West Palm Beach, FL, for trustee.

Robert E. Oglesby, West Palm Beach, FL, for creditor.

*ORDER SUSTAINING OBJECTIONS TO CLAIMED EXEMPTIONS BY JOHN P. BARBEE, CHAPTER 7 TRUSTEE, AND CREDITOR SANDY COURTS, INC.*

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE came on to be heard on January 3, 2006 upon (1) the Trustee's Objection to Debtor's (sic.) Claimed Exemptions, filed by John P. Barbee, chapter 7 trustee ("trustee") (C.P. 13), and (2) the Objection to Exemptions and Motion to Set Aside Homestead and Allow Partition of Remainder, filed by Sandy Courts, Inc., a creditor ("Sandy Courts") (C.P. 8). Both the trustee's objection and Sandy Courts' objection are predicated upon contentions that the real property claimed as exempt by Nancy Jane Radtke and Melvin Frank Radtke, the debtors ("debtors"), exceeds the exemption allowable under Florida law. The Court, having carefully consid-

ered the evidence and argument presented, and being otherwise fully advised in the premises, **sustains** the objections to exemptions filed by the trustee and Sandy Courts.

## *JURISDICTION*

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and Bankruptcy Rule 9014.

## *BACKGROUND*

The instant controversy emanates from the debtors' filing of their joint voluntary chapter 7 petition on February 16, 2005. Contemporaneously, the debtors filed their bankruptcy schedules, and listed an ownership interest in certain real property located at 2159 East Camp–N–Comfort Lane, Avon Park, Florida. The debtors list the value of their interest in the property at $98,500.00, subject to mortgages held by Lois Navik ($24,983.92) and Sue Branan ($14,027.00) in the aggregate amount of $39,010.92 (reflected on Schedule D. Creditors Holding Secured Claims). In their bankruptcy schedules, the debtors claim the entirety of the real property[1] as exempt (Schedule C. Property Claimed as Exempt), on the basis that the real property constitutes their homestead. Pursuant to Article X, Section 4(a)(1) of the Florida Constitution:

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree, or execution shall be a lien thereon...(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within in a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family;

By way of the statement of Undisputed Facts (C.P. 50) filed by trustee, the accuracy of which was acknowledged by the debtors during the January 3, 2006 hearing, the real property at issue consists of 2.23 acres, and is located in an unincorporated area of Highlands County, Florida. The property is zoned for eight mobile home lots, sixteen recreational vehicle lots and one single family home site. A schematic depicting the layout of the referenced property is attached hereto. Melvin Radtke verified that the schematic accurately depicts the layout of the referenced property (C.P. 51—Pg. 41).

The single family home is the primary residence of the debtors. Several of the remaining lots currently are occupied by mobile homes and recreational vehicles, in accordance with land use regulations. The debtors do not own any of the mobile homes or recreational vehicles situated upon their property, but merely collect income from the rental of the mobile home and recreational vehicle lots at the rate of $180.00 per month for mobile home lots and $150.00 per month for recreational vehicle lots. Furthermore, the tenants are permitted to rent their mobile homes or recreational vehicles to third parties, and collect rental from their respective "sub-

---

**1.** Notwithstanding the listing by the debtors of the entire real estate parcel on their schedules, they apparently own **only an undivided one-half-interest** in the property, with J. Lois Navik, Mr. Radtke's mother, owning the remaining undivided one-half interest, based upon the testimony of Mr. Radtke elicited during his June 10, 2005 Bankruptcy Rule 2004 Examination (C.P. 51, Pg. 61), and based upon the March 9, 1987 Warranty Deed (C.P. 51, Ex. 7), whereby title to the subject property was conveyed to Melvin F. Radtke, Nancy J. Radtke, J. Lois Kenney (now known as J. Lois Navik), and Charles C. Navik.

"tenants", separate and apart from tenants' obligations to pay monthly lot rental to the debtors (C.P. 52—Pg. 7, lines 6–23).

### DISCUSSION

 A determination as to whether real property is protected from forced sale by virtue of the Florida homestead exemption will depend on the location, size, and character of the property. Under circumstances wherein a debtor seeks to exempt, as homestead, property which consists of less than 160 acres located outside of a municipality, as in the instant case, the primary issue for determination concerns the nature of the property's utilization. *In re Nofsinger,* 221 B.R. 1018 (Bankr. S.D.Fla.1998); *see also, Buckels v. Tomer,* 78 So.2d 861 (Fla.1955); *In re Wierschem,* 152 B.R. 345 (Bankr.M.D.Fla.1993); *In re Shillinglaw,* 81 B.R. 138 (Bankr.S.D.Fla. 1987); *In re Nelson,* 225 B.R. 508 (Bankr. S.D.Fla.1998); *In re Dudeney,* 159 B.R. 1003 (Bankr.S.D.Fla.1993).

In *Nofsinger,* the property claimed as homestead by the debtor consisted of both his actual residence, and adjoining land improved only to the extent of an irrigation system installed in conjunction with the operation of a nursery by a third party. Under those circumstances, the Court found:

> ...the homestead exemption only extends to that portion of the property which a debtor uses as his residence and cannot include any portion which is rented to and occupied by a third party or used by the third party as his own business.

*Id.* at 1021.

Similarly, in *Dudeney,* the property claimed by the debtor as homestead included two lots, one upon which the debtors' actual residence was situate, and an adjacent lot which was vacant. Although the property at issue was located inside the municipal city limits of Port St. Lucie, Florida, the Court found:

> ...where a debtor owns two contiguous lots meeting the area limitation, one used for residential purposes and the other vacant, the debtor is entitled to declare both lots exempt *unless* there is evidence that the separate lot is being used for business purposes. [emphasis added]

*Id.* at 1006.

 *Sub judice,* the debtors claim their entire interest in the 2.23 acres as their homestead. A portion of that land, however, is utilized for business purposes through land lease arrangements with the various owners of the mobile homes and recreational vehicles located upon the land. During his deposition, Melvin Radtke testified that the owners of the mobile homes and recreational vehicles placed upon his land are not prevented from sub-leasing their mobile homes or recreational vehicles to other individuals (C.P. 52—Pg. 7). Likewise, the debtors receive payment for the lease of the land directly from each mobile home or recreation vehicle owner, and each sub-lessee pays rental to the mobile home or recreational vehicle owner, rather than to the debtors (C.P. 52—Pg. 7). It is clear that the debtors have leased their land to third parties, who utilize the land for their own business enterprise. This Court finds that when a debtor utilizes a portion of his or her land for commercial purposes, the debtor is not entitled to claim that portion as exempt by virtue of the Florida homestead exemption.

The debtors offer the case of *Davis v. Davis,* 864 So.2d 458 (Fla. 1st DCA 2003), for the proposition that, pursuant to Article X, Section 4 of the Florida Constitution, the homestead exemption available to an owner of land located outside of a municipality extends to adjoining land utilized

for a business enterprise. In *Davis,* the decedent owned a tract of land and improvements thereon located in an unincorporated portion of Nassau County, Florida. The decedent's home was situated upon the property, and the decedent utilized another portion of his property to operate a mobile home park. The entire tract of land owned by the decedent consisted of less than 160 acres. In reversing the trial court, the appellate court held that "...the language limiting homesteads within municipalities to the residence of the owner or the owner's family does not apply to homesteads located outside municipalities." *Id.* at 460. This Court declines to follow *Davis.* It is clear from the record of the instant proceeding that the lessees of the debtors could sub-lease, and in fact did sub-lease, their mobile homes or recreational vehicles, thereby establishing that the debtors were utilizing a portion of their property for the operation of a commercial enterprise. Upon careful review of the relevant case law, this Court finds no binding authority of the Supreme Court of Florida to suggest that a landowner may claim homestead protection for property utilized in a commercial capacity. Although a decision of a court from an alternate state district is persuasive, this Court finds that the language contained in the Florida Constitution was not intended to extend homestead protection to those portions of property which its owner utilizes for commercial enterprise.

In circumstances wherein a portion of land is denied homestead status and the property is not divisible, the trustee may sell the entire property and the court will apportion the proceeds accordingly. *In re Wierschem,* 152 B.R. 345, 347 (Bankr. M.D.Fla.1993); see also *In re Englander,* 95 F.3d 1028 (11th Cir.1996). The debtors have stipulated, by acknowledging the veracity of the statement of Undisputed Facts, that the land is not divisible (C.P. 50, par. 8). In accord with the holding in *Kellogg v. Schreiber (In re Kellogg),* 197 F.3d 1116 (11th Cir.1999), the property claimed as exempt homestead located at 2159 East Camp–N–Comfort Lane, Avon Park, Florida, consisting of 2.23 acres, should be sold, and the proceeds apportioned between the debtors and the bankruptcy estate. Based upon the foregoing, it will be necessary that the services of a licensed and qualified surveyor be procured to determine the extent of the debtors' homestead interest, including the curtilage immediately adjacent to the home occupied by the debtors, lying within the 2.23 acres of land, and specifically excluding that portion of the property being utilized for commercial purposes. In calculating the acreage comprising the debtors' homestead, that portion of the debtors' property located on the northern side of the residence should not be included as a portion of the homestead, to the extent that such portion of the property is utilized as a recreational vehicle lot, consistent with the testimony of Melvin Radtke (C.P. 51—Pg. 82).

Accordingly, the Court **sustains** the Objection to Exemptions and Motion to Set Aside Homestead and Allow Partition of Remainder, filed by Sandy Courts, Inc., and the Trustee's Objection to Debtor's Claimed Exemptions, and **orders** that a further evidentiary hearing be scheduled following completion of the survey(s) and report(s), to determine that portion of the sale proceeds to be rightfully disbursed to the debtors as their exempted homestead interest, relative to that portion of the property being utilized for commercial purposes.

## ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER

THIS CAUSE came before the Court for consideration of the Debtors' Motion for Reconsideration of Order. The Debtors are seeking reconsideration of the March 10, 2005 Order Sustaining Objections to Claimed Exemptions (C.P. 55). In addition to being untimely, the Motion for Reconsideration fails to sufficiently allege manifest error of law, misapprehension of fact, or fraud as required for rehearing pursuant to Federal Rule of Bankruptcy Procedure 9024. *See* F.R.Civ.P. 60(b) (made applicable by Fed.R.Bankr.P. 9024). Thus, there are insufficient grounds for rehearing or reconsideration. Accordingly, it is

**ORDERED** that the Debtors' Motion for Reconsideration of Order is **denied.**