In the Matter of Louis James
**ALIOTTA, Jr. and Lillian
Blanche Aliotta, Debtors.**

**Bankruptcy No. 86–1176.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 18, 1986.

John Russell, for debtor.

Stephen Meninger, for trustee.

## ORDER ON MOTION FOR REHEARING

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 7 case is a Motion for Rehearing filed by George Hadley, trustee of the Chapter 7 estate (Trustee). The Trustee seeks a rehearing of this Court's Order on Trustee's Objection to Exempt Property Listed by Debtor, entered on July 29, 1986, in which this Court overruled the Trustee's objection to the Debtors' claimed exemptions and allowed the Debtors' exemptions as filed. The Court has considered the Motion together with the record, heard argument of counsel, and finds as follows:

On March 28, 1986, Louis James Aliotta, Jr., and Lillian Blanche Aliotta (Debtors), husband and wife, filed their joint Petition for Relief under Chapter 7 in this Court. On their Schedule B–4, property claimed as exempt, the Debtors listed a piece of real property located in Hernando County and claimed that property as their homestead exemption pursuant to Fla.Stat. § 222.01 et seq. and Article X, § 4 of the Florida Constitution. It is without dispute that on this property is a four-unit apartment building. The Debtors live in one of the four apartments and use the other three for rental purposes. The Trustee objected to the exemption of this real property, but on July 29, 1986, this Court entered an Order overruling the Trustee's objection and allowing the property to be claimed as exempt. The Trustee subsequently filed a timely Motion for Rehearing, alleging that the July 29, 1986, Order was contrary to Florida law on homestead exemptions.

282

Prior to the 1968 Amendment of Article X, § 4 of the Florida Constitution, a homestead exemption was allowed for the "residence and business house of the owner." This "business property test" allowed an owner to claim as exempt not only his dwelling house but also other structures which were used for business or were income-producing rental properties. *See, i.e., Cowdery v. Herring*, 144 So. 348 (Fla. 1932).

Article X, § 4 of the Florida Constitution was amended in 1968 to eliminate the reference to business property and now states that homesteads shall consist of the following property owned by a natural person:

[A] homestead if located outside a municipality, to the extent of 160 acres of contiguous land and improvements thereon ... or if located within a municipality, to the extent of one half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family.

The clear reading of this Section leads to the conclusion that the Debtors are entitled to an exemption only for their residence and not for the three units which are rented out. The elimination of the business property reference from Article X, § 4 shows unequivocal intent to limit homestead exemptions to the residence of the owner and to disallow any claim for an exemption that exceeds the residence of the owner. The fact that the Debtors' residence is attached to other improvements on the property does not render the whole property homestead.

The case of *In re Rodriguez*, 55 B.R. 519 (Bankr.S.D.Fla.1985) is directly on point. In *Rodriguez*, the bankruptcy court, construing Article X, § 4 of the Florida Constitution, sustained a Trustee's objection to exempt property and held that a debtor was not entitled to an exemption for a portion of his property which was rented and occupied by a third party even though the rented portion was in the same free-standing, one-story building as the Debtors' residence. It is clear that the mere fact that the claimant occupies part of the property as a residence is not enough to entitle him to an exemption for the whole. Based on the foregoing, this Court is satisfied that the three units which are not part of the Debtors' residence are not entitled to homestead exempt status, and that the Trustee should be allowed to either sell those three units or institute an action pursuant to § 363(f).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Rehearing be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Order on Trustee's Objection to Exempt Property Listed by Debtor, entered July 29, 1986, be, and the same is hereby vacated. It is further

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to Exempt Property Listed by the Debtor be, and the same is hereby sustained, and the exemption of the three rental units be, and the same is hereby, disallowed. It is further

ORDERED, ADJUDGED AND DECREED that the Debtors' claim of exemption of the apartment in which they reside be, and the same is hereby, allowed.