**In the Matter of Daniel James SHILLINGLAW, Appellant,**

v.

**Warren LAWSON & Lawson Fence Co., Inc., Appellees.**

**No. 88–8010–CIV.**

United States District Court,
S.D. Florida, N.D.

July 27, 1988.

Kenneth Rappaport, Boca Raton, Fla., for appellant.

Gary Sherman, Sherman & Waldman, Boca Raton, Fla., for appellees.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the appeal of the debtor, Daniel James Shillinglaw, from a final order of the bankruptcy court. This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 157.

There is also pending before the court a Motion to Dismiss Appeal filed by the appellees Warren Lawson and Lawson Fence Company, Inc. (collectively referred to as "Lawson"). Because of the disposition made today on the merits of this appeal, the Motion to Dismiss Appeal is denied as moot.

Appellant Daniel James Shillinglaw filed a Chapter 7 Bankruptcy on July 31, 1987. He claimed a homestead exemption on his residence, which he alleged consisted of ten (10) contiguous acres, with improvements thereon consisting of a residence, a barn and a trailer, all of which are located outside city limits in Palm Beach County, Florida.

Two creditors, Warren Lawson and Lawson Fence Company, Inc. objected to the debtor's claim of exemption. Lawson contends that a portion of the debtor's property falls outside the homestead exemption because the portion in question is leased to and occupied exclusively by a tenant under a written lease which contains no termination date. The tenant lives in the trailer and sublets the stalls in the barn to others.

The bankruptcy judge found that "when the debtor leased a part of his property to a third party for that party's exclusive use as a residence and a business for an indefinite time, the debtor abandoned his homestead pro tanto." Thus, the bankruptcy court held that the leased portion of the debtor's land is not subject to the homestead exemption. The debtor appeals that finding and argues that the bankruptcy judge erred.

In reviewing the conclusions of law of the bankruptcy court, this court is to apply a *de novo* standard of review. The court has reviewed the file and has heard argument of counsel and finds that the bankruptcy court did not err in finding that the leased portion of the debtor's property was not entitled to the homestead exemption under Section X, Article 4 of the Florida Constitution of 1968.

The bankruptcy judge ruled that in order for property to be considered homestead, the property must be used as the debtor's residence. As the court properly noted, the work "homestead" implies occupancy of the property as the home place. *Read v. Leitner*, 80 Fla. 574, 86 So. 425 (1920).

Appellant argues that the homestead provision in the present constitution as well as that contained in Article X, Section 1 of the Florida Constitution of 1885 draws a distinction between a homestead located within a city and a homestead outside a municipality.

Article X, Section 4 of the Florida Constitution of 1968 provides:

a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family.

The alleged distinction between the two types of homestead properties is that a homestead within a city is limited to the residence of the owner or his family, while a homestead outside a municipality has no such restriction.

As support for his argument that his 10–acre parcel should be afforded the homestead exemption, appellant cites *McDougall v. Meginniss,* 21 Fla. 362 (Fla. 1885) and *Armour & Co. v. Hulvey,* 73 Fla. 294, 74 So. 212 (Fla.1917). According to appellant, these cases stand for the proposition that the owner of property outside a municipality may claim a homestead exemption for the property regardless of the use made of that property, so long as the owner or his family reside on the property.

Appellant is correct, to an extent. In *Armour,* the debtor's rural homestead was recognized, although the owner of the property operated a military school on the property. The important difference between *Armour* and the present case is that in *Armour,* the property owner's use of the land was consistent with the business or occupation of the owner or his family.

The owner in *Armour* resided and operated his primary business on the same piece of property. Granting the homestead exemption in that case was consistent with the obvious uses of rural property: livelihood and residence. It appears clear, to this court at least, that the distinction between rural and municipal homestead exemptions derives from the fact that rural dwellers often derive their livelihoods from the very land on which they live, and that the rural homestead is designed to protect such owners. For example, the court has no doubt that a farmer who both farms and resides on his property would be entitled to the homestead exemption.

In contrast, this case involves a property owner who leased a portion of his property to a third party to use as his own business. The debtor in this case does not use the portion of the land in question in connection with his livelihood. The very use of the land in question is contrary to the purpose of the homestead exemption—to protect the rural dwellers' residence and livelihood.

The court does take note of appellant's not insubstantial argument that the language of the homestead exemption would appear to make the residency limitation apply only to urban property. The location of the semicolon between the provisions describing rural and municipal property does lead to the conclusion that the residency limitation applies to the municipal property only. However, the bankruptcy court was correct in stating that the rules of statutory construction are merely tools in understanding the meaning of legislation. The statute need not be given a literal interpretation where to do so would lead to an unreasonable or ridiculous conclusion. *Holly v. Auld,* 450 So.2d 217, 219 (Fla. 1984). This court believes that appellant's reading of the homestead exemption would destroy the policy of protecting the debtor's residence which is the basis for the homestead exemption.

In light of the foregoing discussion, it is hereby

ORDERED AND ADJUDGED that the order of the bankruptcy court is AFFIRMED.