In re Joyce F. ISRAEL, Debtor(s).

Bankruptcy No. 88–04216.

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

Dec. 12, 1988.

Thurston Shell, Pensacola, Fla., for United Bank.

Amy Sliva, Pensacola, Fla., for debtor.

## ORDER ON OBJECTION TO CLAIM OF EXEMPTION

LEWIS M. KILLIAN, Jr.,
Bankruptcy Judge.

THIS MATTER is before the Court on the objection of United Bank, a creditor, to the homestead exemption claim of the debtor with respect to certain real property located in Escambia County, Florida. The facts in this matter are not disputed and the parties have submitted memoranda setting forth their respective positions.

The debtor, Joyce F. Israel filed her voluntary petition for relief under Chapter 7 of the Bankruptcy Code on April 5, 1988. At the time of filing her petition, the debtor resided in a mobile home located on 40 acres of rural property in the unincorporated portion of Escambia County, Florida. In accordance with § 522(b)(2)(A) of the Bankruptcy Code and Article 10, Section 4 of the Florida Constitution, the debtor claimed the 40 acres as exempt property. The creditor, United Bank holds a judgment against the debtor based on a deficiency obtained in a previous foreclosure proceeding on a home formerly owned by the debtor and her ex-husband. The deficiency judgment was entered in January of 1988, after the debtor moved onto the property now claimed as exempt.

Since 1976, the debtor has leased to a farmer 33 of the 40 acres. The lease has been on a year to year basis with payments in the amount of $40.00 per acre per year. United Bank has objected to the exemption of the 33 acres under lease asserting that the lease of the property defeats the homestead status.

The applicable provision of the Florida Constitution is Article 10, Section 4:

(a) There shall be exempt from forced sale under process of any court ... the following property owned by a natural person;

(1) a homestead, if located outside a municipality to the extent of 160 acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason by subsequent inclusion in a municipal-

ity; or if located within a municipality, to the extent of ½ acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family;

. . . . .

It is well established under Florida law that exceptions to the constitutional homestead exemption should be strictly construed and that the exemption itself should be liberally construed in the interest of protecting the family home. *Quigley v. Kennedy and Ely Insurance, Inc.*, 207 So.2d 431 (Fla. 1968). The sole issue presented in this instance is whether the debtor by leasing a portion of her rural property has waived her homestead exemption as to that portion under lease. The parties have not cited nor has the Court found any cases which hold such a waiver. The Florida Supreme Court in *Fort v. Rigdon*, 100 Fla. 398, 129 So. 847 (1930) held that where land is rural property, the homestead exemption applies to the total acreage allowed without regard to the use that may be made of that portion of the tract not covered by the residence when the land is actually occupied and lived on by the owner. While the foregoing rule may be somewhat extreme and subject to abuses in certain situations, *Fort v. Rigdon* has never been overruled and is, therefore, the controlling law.

The parties have cited a number of cases dealing with structures placed on property used for purposes other than the debtor's residence. More recently, two Florida bankruptcy courts have addressed the issue of rental property located on the same parcel of property constituting the homestead of the debtor. In *In re Rodriguez,* 55 B.R. 519 (Bankr.S.D.Fla.1985) and *In the Matter of Aliotta,* 68 B.R. 281 (Bankr. M.D.Fla.1986), the courts excluded from the exempt property those portions of the debtor's property which was rented and occupied by third parties. However, both of those cases involved property located within municipalities. Under the Florida Constitution, the homestead within a municipality is limited to the residence of the owner or his family, however, no such limitation exists with respect to rural property.

We find that the lease of a portion of the rural property by the debtor to a third party does not defeat the claim of homestead with respect to that portion such to the lease. Accordingly, it is hereby

ORDERED AND ADJUDGED that the objection to claim of exemption by United Bank be and the same is hereby denied and the debtor's claim to the exemption of the entire 40 acre tract is allowed.

DONE AND ORDERED.