591 So.2d 1152 (1992)
FIRST LEASING & FUNDING OF FLORIDA, INC., a Florida Corporation, Appellant,
v.
Lowell C. FIEDLER, d/b/a Island Pub, Ann Fiedler, As Guarantor, and Lantis, Inc., Betty Lantis and Georgia Lantis, As Guarantors, Appellees.
No. 90-01956.
District Court of Appeal of Florida, Second District.
January 17, 1992.
Michael B. Kirschner, Law office of Kevin F. Jursinski, Fort Myers, for appellant.
No appearance for appellees.
FRANK, Judge.
First Leasing & Funding of Florida, Inc. (First Leasing) challenges an order enjoining it from executing upon real property that the trial court characterized as a residential homestead. While not unmindful that the family residence is shielded from creditors by Article X, Section 4 of the Florida Constitution, we are persuaded that the court below exceeded the constitutional exemption. We reverse.
Lowell C. Fiedler entered into an agreement with First Leasing to lease certain equipment for use in his restaurant. To secure payment in the event of Fiedler's default, Georgia and Betty Lantis guaranteed the obligation to First Leasing. When delinquency occurred, First Leasing filed its complaint. No responsive pleadings were served. A final judgment by default was entered against all defendants on February 16, 1988, in the amount of $13,078.00. Thereafter, in furtherance of its efforts to satisfy the judgment, First Leasing sought to levy upon a triplex apartment owned by Georgia, a portion of which was her residence. First Leasing also attempted to garnish rental payments due and payable to Georgia from tenants who occupied units within the triplex. Claiming a homestead *1153 exemption, Georgia successfully enjoined First Leasing from levying upon her property. The trial court determined, pursuant to Article X, Section 4, that the triplex in its entirety was insulated from satisfaction of First Leasing's judgment. Moreover, based upon an assignment of rents clause in the mortgage agreement, First Leasing was precluded from garnishing rents.
The current homestead provision of the Florida Constitution exempts from the claims of creditors a homestead located within a municipality, "to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family." Art. X, § 4, Fla. Const. (1968). In contrast, the exemption embodied within the 1885 constitution was broader; it extended to the "residence and business house of the owner." Fla. Const. of 1885, Art. X, § 1. Our research has disclosed no decision passing upon the current exemption's scope as it was narrowed by the 1968 amendment. Nevertheless, a literal reading of the provision leads us to conclude that Georgia is entitled to an exemption from forced sale of her residence only and not the two units leased to and occupied by tenants.
The triplex in question is a onestory structure with units horizontally situated. The record reveals that separate mailing addresses were maintained at each unit. At the time of trial, Georgia leased each unit for $400 per month. In some cases construing the 1885 provision, exemption from forced sale was denied with respect to leased portions of residential property that were severable from the owner's residence. See, e.g., Smith v. Guckenheimer, 42 Fla. 1, 27 So. 900 (1900) (owner lived with his family on second floor and leased four of five storerooms on ground floor); McEwen v. Larson, 136 Fla. 1, 185 So. 866 (1939) (owner leased an apartment house and garage, both of which were separate from his family's dwelling); Weiss v. Stone, 220 So.2d 403 (Fla. 3d DCA), appeal dismissed, 225 So.2d 913 (Fla. 1969) (owner resided in one of five units in a single-story apartment building). Thus, the general rule in those early cases was that homestead protection should not extend to income producing portions of the debtor's property. That conclusion is logical and it is the principle to which we adhere.
We recognize that the rule of Smith and McEwen and similar cases has not always been consistently followed either by Florida's courts or by federal courts applying Florida law. For example, if income producing structures on the property provided the debtor's only means of support, or if the portion of property used for business could not be easily severed from the owner's home, the courts have been more willing to extend homestead status to the entire parcel. See, e.g., Cowdery v. Herring, 106 Fla. 567, 143 So. 433, 144 So. 348 (1932); Lockhart v. Sasser, 156 Fla. 339, 22 So.2d 763 (1945); Edward Leasing Corp. v. Uhlig, 652 F. Supp. 1409, 1414 (S.D.Fla. 1987). In contrast, however, cases such as In re Aliotta, 68 B.R. 281 (Bankr.M.D.Fla. 1986), in which the debtor occupied one unit of a fourplex, have followed the rule that the homestead exemption should not extend to the entire property because the debtor's residence is a fraction of the whole, and an imaginary line could sever the residence from the remainder of the property. Such is the situation in the case before us.
Although we find that Georgia should not have been accorded a homestead exemption for units of her triplex leased to and occupied by others, we certify to the Florida Supreme Court the following question as one of great public importance:
WHETHER THE EXEMPTION FROM FORCED SALE PROVIDED BY ARTICLE X, SECTION 4 OF THE FLORIDA CONSTITUTION EXTENDS TO PORTIONS OF PROPERTY SEVERABLE FROM THE RESIDENCE AND UTILIZED TO PRODUCE RENTAL INCOME.
Reversed and remanded for further proceedings not inconsistent with this opinion.
CAMPBELL, A.C.J., and PARKER, J., concur.