In re Anthony N. PIETRUNTI, Sr. and Mary E. Pietrunti, Debtors.

**Bankruptcy No. 96–06434–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 5, 1997.

Stephen L. Meininger, Tampa, Florida, Trustee and Attorney for Trustee.

Sara Kistler, Tampa, Florida, Assistant U.S. Trustee.

Brenda J. Whitt, Duane A. Daiker, of Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, Florida, for Creditor.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is Creditor Brenda Whitt's Motion For Summary Judgment on Objection to Exemptions claimed by Anthony Pietrunti and Mary Pietrunti (Debtors). The Creditor objects to the Debtors' homestead exemption claimed in Schedule C on the basis that the property does not qualify as homestead property or, in the alternative, that the property does not qualify as homestead property in its entirety. The Creditor contends that there are no material facts in dispute and that she is entitled to a judgment in her favor as a matter of law.

In due course, the Debtors filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on May 2, 1996. On Schedule C, the Debtors listed property located at 1550 Poe Road, Lake Wales, Florida, as a homestead exemption pursuant to Article X § 4 of the Florida Constitution, and Florida Statutes Chapter 222. The Creditor filed an Objection to the Debtors' claim of exemption on July 18, 1996 and later, an Amended Objection on August 6, 1996.

On January 14, 1997 this Court held a hearing on the Motion for Summary Judgment filed by the Creditor. Although the Debtors failed to serve an Affidavit in Opposition to Creditor's Motion for Summary Judgment prior to the day of the hearing on the Motion for Summary Judgment as required by F.R.B.P. 7056(c), this Court granted the Debtor five additional days from the hearing date of January 14, 1997 to serve their Affidavit. However, the Debtor failed to meet the Court's deadline and its Affidavit

Patrick R. Smith, Tampa, Florida, for Debtors.

was stricken by this Court as untimely on February 25, 1997.

■ The facts as they appear in the record are without dispute and are as follows. The property in question was purchased by the Debtors in two separate transactions, consisting of two contiguous parcels. In June of 1994, the Debtors purchased the first parcel from Ray Greenside located in Polk County and it consists of 2.6 acres. The parcel, at the time it was purchased, had two addresses assigned to it by the post office which were 1548 and 1550 Poe Road, Lake Whales, Florida. (Mary Pietrunti's Depo. pg. 4, lines 4–10). In April of 1996, the Debtors' purchased the second parcel from Greenside which was contiguous to the first parcel and 2.4 acres in size. (Mary Pietrunti's Depo. pg. 8, lines 1–8). This second parcel had two addresses which were 1544 and 1546 Poe Road, respectively. (*Id.*) In sum, the two parcels owned by the Debtors are in the shape of a square with four addresses attached to them.

In addition, there were five structures on the contiguous parcels. These structures consisted of three mobile homes, one house, and a kennel. (Anthony Pietrunti's Depo. pg. 10, lines 12–16; Mary Pietrunti's Depo. pg. 14, lines 8–22). The respective addresses of the structures are as follows: (1) 1544 Poe Road—mobile home; (2) 1546 Poe Road—mobile home; (3) 1548 Poe Road—house; and (4) 1550 Poe Road—mobile home. The record is devoid of any evidence of where the kennel is located or whether it is appurtenant to the address in which the Debtors reside. The Debtors reside in the mobile home located at 1550 Poe Road. (Mary Pietrunti's Depo. pgs. 10, line 25).

The mobile homes located at 1544 and 1546 Poe Road were rented, at one point in time, during 1996 and when they were not rented, the mobile homes sat vacant. In addition, the house located at 1548 Poe Road has been rented since February of 1995 and is rented to date. The record is devoid of any evidence that the Debtors used any of the structures located at 1544, 1546, and 1548 Poe Road for their own personal use. As stated above, the record shows that the Debtors only used the mobile home located at 1550 Poe Road as their residence.

Based on these facts, it is the contention of the Creditor that the Debtors are not entitled to exempt the entire property made up of the contiguous parcels because the Debtors used three-quarters of the property for rental purposes and reside on one-quarter of the property. The Creditor contends that the portion of the property, which is used for rental purposes, cannot be considered homestead property and is not entitled to an exemption.

In opposition, the Debtors simply contend that the property claimed as exempt is within the allowable exemptions pursuant to Article X § 4 of the Florida Constitution and Florida Statutes Chapter 222.

■ Article X, § 4 of the Florida Constitution states that a homestead exemption shall be limited to property that is the residence of the owner or his family "... located outside a municipality, to the extent of 160 acres of contiguous land and improvements thereon ..." Fla. Const. Art. X, § 4. There is no question that the requirement that before properties may be exempted as homestead must be the actual residence of the claimant equally applies to rural as well as municipal homesteads. *In re Shillinglaw,* 81 B.R. 138, 140 (Bankr.S.D.Fla.1987). In this case, the debtors claimed as exempt a parcel of rural property comprised of ten contiguous acres with the residence, a barn, and a trailer located on same. The claim asserted by the debtors was to exempt the entire ten contiguous acres. The court, in rejecting the claim of exemption, held that the requirement that the property be of the actual residence of the claimant is not limited to city dwellings but also applies to rural properties but in this case, the debtors abandoned their homestead by leasing to a third party. As a result, the Florida Constitution provides exemption protection to property so long as the property is used as the residence of the owner or the owner's family. *In re Wierschem,* 152 B.R. 345, 347 (Bankr.M.D.Fla.1993). However, the mere fact that the claimant occupies part of the property as a residence is not enough to entitle him to an exemption for the entire property when the other part of the property

is used as rental property. *In re Rodriguez,* 55 B.R. 519, 520 (Bankr.S.D.Fla.1985).

Based on the foregoing, this Court is satisfied that the this record creates no genuine issues of material fact and the creditor is entitled to a judgment in her favor as a matter or law.

A separate Final Judgment shall be entered in accordance with the above.

### FINAL JUDGMENT

The Court having entered its Findings of Fact, Conclusions of Law and Memorandum Opinion on the Creditor Brenda Whitt's Motion for Summary Judgment on Objection to Exemptions claimed by the Debtors, Anthony N. Pietrunti and Mary E. Pietrunti there is no just reason why a Final Judgment should not be entered in accordance to the same.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Final Judgment be in favor of the Creditor, Brenda Whitt and against the Debtors, Anthony N. Pietrunti and Mary E. Pietrunti.

It is further

ORDERED, ADJUDGED AND DECREED that the claim of exemption of the Debtors shall be limited to the actual residence and the surrounding area not extending more than 1.25 acres.

It is further

ORDERED, ADJUDGED AND DECREED that in the event the Trustee of the estate is unable to obtain a monetary satisfaction for the value of the properties that are not allowed as exempt, the Trustee is authorized to proceed to institute a partition suit in order to recover for the benefit of the estate the non-exempt portions of the property.