**In re Robert L. NOFSINGER, Debtor.**

**No. 96–36081–BKC–PGH.**

United States Bankruptcy Court, S.D. Florida.

May 7, 1998.

Michael R. Bakst, West Palm Beach, FL.

Adriano Gonzalez, Port St. Lucie, FL, Trustee.

Jeffrey Rosenthal, Boca Raton, FL.

## MEMORANDUM ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBT-OR'S CLAIMED EXEMPTION OF HOMESTEAD

PAUL HYMAN, Jr., Bankruptcy Judge.

**THIS CAUSE** came before the Court upon Adriano Gonzalez's, the chapter 7 trustee (the "Trustee"), Objection to Debtor's Claimed Exemption of Homestead filed on February 11, 1998 and heard by this Court on March 11, 1998. Robert L. Nofsinger, (the "Debtor") has listed and claimed as exempt a parcel of land located outside of a municipality in Palm Beach County, Florida. The Trustee objects to the Debtor's claimed exemption. The issue presented before the Court is whether a Debtor is entitled to exempt an entire parcel of real property located in an unincorporated area when a portion of the real property is used for rental purposes. The Court, having heard the arguments of counsel and reviewed the pleadings presented, hereby enters the following findings of fact and conclusions of law.

### UNDISPUTED FACTS

The Debtor herein filed a voluntary petition under chapter 7 of the Bankruptcy Code on December 4, 1997. The Debtor is the owner of approximately 2.61 acres of real property (the "Real Property") located in unincorporated Palm Beach County, Florida. The Real Property has a storage shed and a dwelling located upon it. The Debtor and his family reside in the dwelling. The Debtor claims the Real Property is exempt as the Debtor's homestead pursuant to Article X, Section 4(a)(1) of the Florida Constitution.

A portion of the Real Property has an irrigation system (the "Irrigated Property") installed upon it. After the Debtor's acquisition of the Real Property, he leased the Irrigated Property to Five Mile Farm, Inc., doing business as Nofsinger Nursery (the "Corporation") owned 50% by the Debtor and 50% by his ex-wife. The Irrigated Property was used by the Corporation as a nursery. Beginning on August 29, 1997, the Debtor rented the Irrigated Property to a third party for $1,000.00 per month.

The third party uses the Irrigated Property for his own business. The third party's use of the Irrigated Property is substantially identical to the Corporation's previous use with the exception that the third party has placed his plants in ornamental pots upon the Irrigated Property. The Irrigated Property is not accessible by any existing public road, but is accessible only through a driveway which passes through the portion of the Real Property to which there is no objection to the Debtor's claimed exemption. The subdivision of the Real Property is not permitted by current zoning laws.

In the Objection to Exemptions, the Trustee maintains that the Debtor is only entitled to claim as exempt that portion of Real Property which he uses as his residence and cannot include any portion which is rented to and occupied by a third party. The Trustee

does not object to the Debtor's exemption of the portion of the Real Property occupied by the Debtor's dwelling.

In response, the Debtor asserts that the mere fact that a portion of a debtor's homestead property is rented does not in and of itself disqualify the Real Property's homestead status.

### CONCLUSIONS OF LAW

■ This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b), 151, 157(a) and this is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

Under Florida law, the following property is rendered exempt from process:

> (1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, . . . or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family . . .

Fla. Const. art. X, § 4(a)(1). The foregoing provision was adopted in 1968. Prior to 1968, the Florida Constitution provided for a more broad homestead exemption: "[t]he exemption herein provided for in a city or town **shall not extend to more improvements or buildings than the residence and business house of the owner.**" Fla. Const. art. X, § 1 (1885), *amended by* Fla. Const. art. X, § 4(a)(1) (1968)(emphasis added). Several Courts have opined that the 1968 amendment to the constitutional provision shows the Florida Legislature's unequivocal intent to limit homestead exemptions to the residence of the owner. *See In re Wierschem,* 152 B.R. 345 (Bankr.M.D.Fla.1993)[1]; *In re Aliotta,* 68 B.R. 281 (Bankr.M.D.Fla.1986); *First Leasing & Funding of Fla., Inc. v. Fiedler,* 591 So.2d 1152 (Fla.Dist.Ct.App. 1992); *But see In re Englander,* 156 B.R. 862 (Bankr.M.D.Fla.1992)(allowing home-

stead exemption for a garage apartment that was rented to a third party because, under a facts and circumstances analysis, the debtors' intent in building the garage apartment was for utility and not for rental purposes). Moreover, several courts have determined that there is no question that the residence requirement equally applies to rural as well as municipal homesteads. *In re Pietrunti,* 207 B.R. 18 (Bankr.M.D.Fla.1997) *citing In re Shillinglaw,* 81 B.R. 138, 140 (Bankr. S.D.Fla.1987). This Court agrees. Based on the plain language of the Florida constitutional homestead provision, the Trustee's Objection to the Debtor's exemption of the Irrigated Property is valid and must be sustained.

This issue has been previously addressed in Florida, and the result has been consistent with the result herein. *See Shillinglaw v. Lawson,* 88 B.R. 406 (S.D.Fla.1988)(affirming bankruptcy court's decision and finding that Florida constitutional homestead provision did not apply to the portion of the debtor's property leased to third persons to use as their own business); *In re Pietrunti,* 207 B.R. 18 (Bankr.M.D.Fla.1997)(limiting a debtor's homestead exemption to debtor's actual residence and finding that debtor's had abandoned their homestead by leasing seventy-five percent of the property to a third party); *In re Wierschem,* 152 B.R. 345 (Bankr.M.D.Fla.1993)(disallowing a homestead exemption when the property was used predominantly for rental purposes and allowing trustee to sell the property and apportion the proceeds); *In re Rodriguez,* 55 B.R. 519 (Bankr.S.D.Fla.1985)(finding contiguous real property leased to and occupied by a third party as nonexempt).

Nonetheless, in support of his position, the Debtor cites two Florida Supreme Court cases: *Fort v. Rigdon,* 100 Fla. 398, 129 So. 847 (1930) and *Cowdery v. Herring,* 106 Fla. 567, 143 So. 433 (1932). These cases, however, were both predicated upon the pre-amendment constitutional language. It is

---

1. This case is especially helpful in this court's determination because it discusses the relevancy of *In re Shillinglaw* on this issue. In *Shillinglaw,* the court sustained a similar objection to the one at bar finding that there was no overt or announced intent in drafting Article X, Section 4, of

the Florida Constitution to limit the residency requirement to city homesteads only. The Shillinglaw court's reasoning is pertinent given the fact that the court had previously participated in the deliberations of the Commission that drafted the present version of the Florida Constitution.

uncontested that court decisions under the language of the 1885 Florida Constitution had allowed an unlimited homestead exemption, even though a portion of the property was leased to and occupied by a third party. The Debtor also cited *In re Israel*, 94 B.R. 729 (Bankr.N.D.Fla.1988) in support of his position. The *Israel* Court however based its ruling on *Fort v. Rigdon*, and thus upon the former version of the Florida Constitution.

In accordance with the foregoing, this Court finds that under the plain language of the Florida Constitution, the homestead exemption only extends to that portion of the property which a debtor uses as his residence and cannot include any portion which is rented to and occupied by a third party or used by the third party as his own business. The parties have stipulated that the Irrigated Property is indivisible. The law in the Eleventh Circuit with respect to proper disposition of property that is deemed to be partially exempt, but is indivisible, was set forth in *Englander v. Mills (In re Englander)*, 95 F.3d 1028 (11th Cir.1996), *cert. den.*, —— U.S. ——, 117 S.Ct. 1469, 137 L.Ed.2d 682 (1997)[2]. In *Englander*, the Eleventh Circuit held that when homestead status is denied to a portion of a piece of property, and the property is not divisible, the trustee may sell the whole property and the court will apportion the proceeds. *Englander*, 95 F.3d at 1032 *citing In re Wierschem*, 152 B.R. 345, 347 (Bankr.M.D.Fla. 1993) (holding that rural property that exceeded the residency limitation was subject to the same administration as in *In re Englander*, 156 B.R. 862 (Bankr.M.D.Fla.1992)); *In re Baxt*, 188 B.R. 322, 323–324 (Bankr. S.D.Fla.1995) (finding the sale of an indivisible 2.5 acre urban lot and apportionment of the proceeds thereof appropriate). The *Englander* Court reasoned that a sale of the entire property and apportionment of the proceeds is an equitable solution, allows for an appropriate recognition of the debtor's homestead exemption, and will afford the creditors satisfaction of their rightful claims. *Englander*, 95 F.3d at 1032. In accordance with the Eleventh Circuit's ruling in *Englander*, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The Trustee's Objection to Debtor's Claimed Homestead Exemption of the Irrigated Property is Sustained.

2. The parties have thirty (30) days from the date of this Order to submit an agreed order (1) as to the value of the Irrigated Property and (2) the manner in which such amount is to be paid to the Trustee for inclusion in the Debtor's bankruptcy estate.

3. If the parties fail to reach an agreement within thirty (30) days from the date of this Order, the Trustee is hereby authorized to sell the Real Property as set forth in *Englander v. Mills (In re Englander)*, 95 F.3d 1028 (11th Cir.1996) and the Court will apportion the proceeds accordingly.

4. This Court will hold a hearing on apportionment upon a motion for apportionment filed by either party.

---

2. Prior to this decision, several cases allowed homestead exemptions in entire parcels of property that contained rental portions where the property was unable to be partitioned and sold due to existing zoning laws. *See In re Makarewicz*, 126 B.R. 127 (Bankr.S.D.Fla.1991)(municipal homestead property used for rental purposes entitled to exemption because, although it was susceptible to division, it was not lawfully saleable under existing zoning laws); *In re Kuver*, 70 B.R. 190 (Bankr.S.D.Fla.1986)(allowing municipal homestead property as entirely exempt despite fact that portion was rented to a third party, because property was not lawfully saleable under existing zoning laws).