**In re Jeffrey Scott NELSON, Debtor.**

**Bankruptcy No. 98–32766–BKC–SHF.**

United States Bankruptcy Court,
S.D. Florida,
West Palm Beach Division.

Sept. 30, 1998.

Harry J. Ross, Boca Raton, FL, for Debtor.

Kenneth S. Rappaport, Boca Raton, FL, for Creditor.

### ORDER OVERRULING OBJECTION TO EXEMPTION

STEVEN H. FRIEDMAN, Bankruptcy, Judge.

This matter came before the Court on September 22, 1998 for consideration of the objection to exemptions filed by Wilma Prillaman ("Prillaman"), an unsecured creditor. Prillaman objects to the Debtor's claimed exemption of his alleged homestead because

the Debtor "conducts business upon the property and is therefore not entitled to a homestead exemption" under Florida law. The Court, having considered the evidence presented, the candor and demeanor of the witnesses, the argument of counsel and for the reasons set forth below, overrules Prillaman's objection.

There is no dispute that the Debtor resides on the property. Rather, Prillaman asserts that because the Debtor conducts a landscaping business on the property, he is not entitled to a homestead exemption. The Court heard and considered four hours of testimony and evidence relating to whether the Debtor conducts business at the subject property. However, this evidence is largely immaterial. There is nothing within Florida law that provides that, should a person conduct business on his homestead property, he loses his homestead status. This would fly in the face of the protection intended for those who own 160 acres outside municipalities who make a living farming their land.

■ Recent case law has interpreted the Florida Constitution as limiting an owner's homestead to the portion of the property used for the owner's residence and presumably the immediate curtilage. Recent decisions have disallowed the exemption when the owner is leasing all or a portion of the alleged homestead to a third party who occupies the leased premises, or when the leased premises are used by third persons as their business premises. *See, Shillinglaw v. Lawson,* 88 B.R. 406 (S.D.Fla.1988); *In re Pietrunti,* 207 B.R. 18 (Bankr.M.D.Fla.1997); *In re Wierschem,* 152 B.R. 345 (Bankr.M.D.Fla. 1993); *In re Rodriguez,* 55 B.R. 519 (Bankr. S.D.Fla.1985). Judge Hyman, in a recent opinion, found that "the homestead exemption only extends to that portion of the property which a debtor uses as his residence and cannot include any portion which is rented to and occupied by a third party or used by the third party as his own business." *In re Nofsinger,* 221 B.R. 1018, 1021 (S.D.Fla. 1998). In that case, the Debtor leased his property to a third party for $1,000 per month. However, the cited cases are distinguishable from the case *sub judice.* In this case, the main argument set forth by Prilla-

man is not that the Debtor has leased his land to another, but that he is not entitled to his homestead exemption because he operated a business on his property. This argument was also made in the case of *Edward Leasing Corp. v. Uhlig,* 652 F.Supp. 1409 (S.D.Fla.1987), where the plaintiff argued that a judgment debtor should not be entitled to the homestead exemption when the premises are being used for business purposes. The District Court stated that—

> With respect to the business activities conducted within the Uhlig family residence, the Court finds no factual or legal basis to support Plaintiff's claim that any or all of this structure should be denied homestead exemption under Art. X, § 4. In the century which has passed since the enactment of Florida's first homestead exemption clause, in 1885, not a single reported case has declared a residential unit occupied by the owner as his family home to be nonexempt simply because the owner conducted business activities within those premises. The facts here must be distinguished from those in *Smith* and its progeny, in which exemption from forced sale was denied with respect to those portions of homestead property, separate from the owner's family dwelling unit, which the owner rented to one or more tenants. Just as reported case law does not support Plaintiff's demand that the Uhligs' actual residence be denied homestead exemption because parts of it were at times used for business purposes, the language contained in Art. X, § 4 of the 1968 constitution similarly discourages such a restrictive application of the exemption. Art. X, § 4 limits the homestead exemption to "the residence of the owner or his family"; it does not limit what the owner or his family can do within the four walls of that residence. Indeed, to do so would place homeowners in this state who operate businesses out of their homes, for reasons of economy or industry custom, at an enormous disadvantage relative to their counterparts who commute to their jobs.

*Uhlig,* 652 F.Supp. at 1416–17 (citations omitted). This Court agrees. Unless a debtor leases property to a third party or

allows a third party to use the property for business purposes, such debtor who maintains a residence on his homestead property is not prevented from making a living off the property, provided that the property is restricted in size to the limits set forth in the Florida Constitution.

■ Prillaman did introduce evidence intended to establish that the Debtor does lease his land to another person. However, that evidence was insufficient to prove that the Debtor leased his property to another. The Debtor acknowledges that one Jose Baltazar lives in a shed on the Debtor's property, and that Baltazar owns potted plants located on the Debtor's property. Prillaman presented no evidence, however, that Baltazar rents the shed from the Debtor or that Baltazar uses the property for business purposes. Rather, the evidence indicates that both the Debtor and Baltazar work at The Hitching Post and make a living through wages received from their employment at The Hitching Post.

■ Even assuming that a debtor would not be entitled to a homestead exemption if he or she were to use the alleged homestead for business purposes, Prillaman failed to produce sufficient evidence establishing that the Debtor does use his land for business purposes *sub judice*. The indicia that the property was utilized for business purposes by the Debtor consist of an old truck with the name "Tree Planters of South Florida" painted on the side, a sign with similar language in front of the Debtor's property, and a row of planted palm trees. The Court, however, finds that this limited evidence does not outweigh the Debtor's testimony that he has not been in the landscaping business for approximately four years. Accordingly, it is

· ORDERED that the Prillaman's objection to exemption is overruled.