**In re Jeannie Louise BLOCKER, Debtor.**

**Bankruptcy No. 99–0696–3F3.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Oct. 13, 1999.

Denise E. Barnett, Pinkston, Cohen & Pinkston, P.A., Jacksonville, FL, for Jeannie Louise Blocker.

Raymond R. Magley, Tonya Janney, Smith Hulsey & Busey, Jacksonville, FL, for First Union National Bank.

Mamie L. Davis, Jacksonville, FL, Chapter 13 Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This Case is before the Court on the Motion to Avoid Judicial Lien filed by Jeannie Louise Blocker ("Debtor") on July 12, 1999. (Doc. 20.) First Union National Bank ("FUNB") filed an objection to this motion on July 30, 1999 (Doc. 31.) and an evidentiary hearing was held on September 22, 1999 where the court took the matter under advisement. Upon the presentation of counsel and the evidence presented, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On July 22, 1998 a Summary Final Judgment in the amount of $46,712.51 was entered in favor of FUNB and against Lady J. Construction, Inc. and Debtor, jointly and severally, in the Circuit Court Fourth Judicial Circuit in and for Nassau County, Florida. On February 2, 1999, Debtor filed a voluntary petition for chapter 13 bankruptcy relief. On February 17, 1999, Debtor filed schedules with the Court, including Schedule C—Property Claimed as Exempt. Schedule C listed as being fully exempt under Article X, Section 4(a)(1) of the Florida Constitution: 13–14 Jasmine Place, Fernandina Beach, Florida 32034, legally described as "All that certain piece, parcel or tract of land,

situate, lying and being in the County of Nassau, State of Florida and being further described as follows: Lot Seven (7), Jasmine Place, according to Plat thereof recorded in Plat Book 5, Pages 43 and— Public Records of Nassau County, Florida."

A meeting of creditors was held on March 15, 1999. The Proceeding Memo for § 341 Meeting filed on March 15, 1999 indicates that FUNB did not attend the § 341 meeting. (Doc. 14.) On July 12, 1999 Debtor filed a Motion to Avoid Judicial Lien on Debtor's homestead property. This judicial lien was recorded in the form of a final judgment on August 6, 1998 at Book 844, Page 1861, of the public records of Nassau County, Florida. On July 30, 1999, FUNB filed an objection and requested that the motion be set for hearing.

FUNB claims that a portion of Debtor's claimed homestead exemption is not legally entitled to homestead protection under the Florida Constitution. FUNB claims the listed real property is a duplex and the portion that Debtor leases to a third party does not qualify for the homestead exemption. Accordingly, FUNB objects to avoidance of its lien as to the leased portion of the listed property. Debtor claims that FUNB's failure to timely file an objection to Debtor's claim of exemptions in accordance with Bankruptcy Rule 4003 entitles Debtor to an exemption for the entire property at issue and therefore FUNB's judgment lien may be avoided as

to that property. Additionally, Debtor claims that even if an objection to the homestead had been timely filed she would be entitled to the constitutional homestead exemption for the entire property at issue.

## CONCLUSIONS OF LAW

The Supreme Court of the United States strictly applied Section 522(*l*) of the Bankruptcy Code and Bankruptcy Rule 4003(b) in *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). Following the holding in *Taylor*, FUNB's failure to file an objection to Debtor's list of exemptions results in the listed asset being exempt. *Taylor*, 503 U.S. at 644, 112 S.Ct. 1644; *Gamble v. Brown (In re Gamble)*, 168 F.3d 442 (11th Cir.1999) ("[O]nce the debtor lists property as exempt from the estate, and neither the trustee nor the creditors object during the 30–day time period, the property no longer belongs to the estate and the debtor 'may use it as his own.'") (quoting *Hall v. Finance One of Georgia, Inc. (In re Hall)*, 752 F.2d 582, 584 (11th Cir.1985) (en banc)); *In re Englander*, 156 B.R. 862, 867 (Bankr.M.D.Fla.1992) (exemption allowed, even if no legal basis for exemption exists, when no timely objection to exemption is filed).

In this case, Debtor claimed the property at issue as exempt. Neither the Trustee nor FUNB filed an objection within the thirty-day (30) time period prescribed by Bankruptcy Rule 4003.[1] Therefore, the

1. Federal Rule of Bankruptcy Procedure 4003 provides:
    (a) Claim of exemptions
    A debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed by Rule 1007. If the debtor fails to claim exemptions or file the schedule within the time specified in Rule 1007, a dependent of the debtor may file the list within 30 days thereafter.
    (b) Objections to claim of exemptions
    The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amend-

ment to the list or supplemental schedules unless, within such period, further time is granted by the court. Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and the attorney for such person.
    (c) Burden of proof
    In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections.
    (d) Avoidance by debtor of transfers of exempt
    property A proceeding by the debtor to avoid a lien or other transfer of property

exemption for the property at issue was allowed once the thirty-day time period ran, even though the legal basis for the exemption is at issue.[2] Accordingly, the property at issue is exempt homestead property for the purposes of this bankruptcy case.[3]

### CONCLUSION

Section 522(f) of the Bankruptcy Code allows debtors to avoid the fixing of certain judicial liens on interests debtors have in property to the extent such lien impairs an exemption to which debtors are entitled. 11 U.S.C. § 522(f) (1999). Having determined the property at issue is exempt for the purposes of this case; Debtor is entitled to avoid FUNB's judicial lien on such property.

A separate order will be entered in accordance with these findings of fact and conclusions of law.

---

exempt under § 522(f) of the Code shall be by motion in accordance with Rule 9014. Fed.R.Bankr.P. 4003 (1999).

2. The Court notes that the majority view among Florida bankruptcy courts is to disallow claimed homestead exemptions pursuant to Article X, § 4 of the Florida Constitution when a debtor leases all or a portion of the alleged homestead to a third party who occupies the leased premises, whether in a residential or business capacity. *In re Oliver*, 228 B.R. 771 (Bankr.M.D.Fla.1998) (Paskay, J.); *In re Nelson*, 225 B.R. 508 (Bankr.S.D.Fla. 1998) (Friedman, J.); *In re Pietrunti*, 207 B.R. 18 (Bankr.M.D.Fla.1997) (Paskay, J.); *In re Wierschem*, 152 B.R. 345 (Bankr.M.D.Fla. 1993) (Corcoran, J.); *In re Dudeney*, 159 B.R. 1003 (Bankr.S.D.Fla.1993) (Mark, J.). However, the Court also notes an opposing view

that when the rental half of a duplex could not be lawfully sold under existing zoning laws debtors are entitled to the homestead exemption. *In re Kuver*, 70 B.R. 190 (Bankr. S.D.Fla.1986) (Cristol, J.); cf. *In re Makarewicz*, 130 B.R. 620 (Bankr.S.D.Fla.1991) (Cristol, J.). This Court would be inclined to follow the majority view, especially upon review of the evidence establishing that the property at issue was a duplex at the time Debtor filed her petition, despite Debtor's claimed intent to reside in the entire structure upon the current lease terminating in December 1999.

3. Subsequent events, such as future liabilities or dismissal of this case, may result in Debtor loosing the exempt status for a portion of the property at issue.