**In re Phyllis BELL, Debtor.**

**No. 99–5689–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 30, 2000.

Louis S. Erickson, Naples, FL, for debtor.

Patricia King, Naples, FL, for Ricky L. Bell.

Shari S. Jansen, Sarasota, FL, trustee.

## ORDER ON OBJECTION TO EXEMPTIONS
### (Doc. No. 14)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER before this Court is an objection to the exemption claimed by Phyllis Bell (Debtor). The objection was filed by the Debtor's former spouse, Ricky L. Bell (Mr. Bell).

Mr. Bell objects to the Debtor's claim of exemption of her personal property, contending that the value of her personal property exceeds the amount allowable as an exemption under Fla.Stat. 222.06 and Article X, Section 4 of the Florida Constitution. Mr. Bell failed to present any evidence in support of this objection and, therefore, the objection to the claim of exemption of the personal property is hereby overruled.

Mr. Bell also objects to the Debtor's claim of exemption of the real property located at 5300 C.R. 951, Naples, Florida 34114. On this parcel of real property stands two structures, the main house and a separate, freestanding building. The Debtor claimed the entire parcel as exempt.

Mr. Bell contends that the property is a commercial building that always was intended to be used and was, in fact used commercially. Therefore, by virtue of the amendment to the constitutional provisions relating to homestead in Florida the exemption is limited to the actual residence of the owner or the dependents of the owner, but does not include commercial or business property.

The facts as established at the final evidentiary hearing which are relevant to the issue under consideration are as follows:

The property involved was originally acquired for the intended use as an office building by Dirt Movers of America, Inc. (Dirt Movers), a corporation controlled by the Debtor and her ex-spouse, Ricky L. Bell. Dirt Movers occupied the premises pursuant to a lease between Dirt Movers and the Bells. Dirt Movers paid monthly rent of $1,230.00 and used not only the main building but also the garage.

On May 12, 1997, Dirt Movers filed a Chapter 11 case, Case No. 97–7745. The case was converted to a case under Chapter 7 on September 11, 1997. Dirt Movers actually used both buildings as an office building and a storage facility until it ceased doing business. After Dirt Movers vacated the premises, the buildings were rented to third parties.

After the parties' divorce, the Debtor moved into the main residence. On March 1, 1998, Ms. Patricia Ison, the Debtor's sister, moved into the garage. Although she had no formal lease with the Debtor, it is without dispute that she paid the Debtor $700.00 per month for rent. In addition, she also paid from $50.00 to $200.00 per month to the Debtor for utilities. The garage, which is a two-story structure, was not certified for residential use. When County inspectors learned that Ms. Ison lived in the garage, she had to move back to the main house. The garage was considered to be a commercial building at all times.

These are the basic facts that according to the Plaintiff, are sufficient to establish that the garage property is a commercial building and that, therefore, the property is not part of the homestead.

■ The homestead provision of the Constitution was consistently liberally construed in favor of the claimant in order to achieve its solitary purpose, that is to preserve the family home from the viscidities of financial crisis. Notwithstanding, the provision in the Constitution dealing with homestead must be given its plain meaning and should not be extended more than what the constitution provides.

■ Prior to 1986 Amendment to Constitutional provisions of this State included the actual residence and the business property of the owner if was one. However, the elimination of the business property reference in Article X shows an unequivocal intent to limit the homestead exemption to the actual residence of the owner. As noted in *In the Matter of Aliotta*, 68 B.R. 281 (Bankr.M.D.Fla.1986), even the fact that the Debtor's residence attached to the other improvements on the property does not extend the homestead protection to the portion which is used for commercial purposes.

In *In re Pietrunti*, 207 B.R. 18 (Bankr. M.D.Fla.1997), this Court considered the homestead claim which although the land met the size limitations, in addition to the actual residence of the Debtor, it had several other free standing rental properties. In this case this Court rejected the homestead claim concerning the rental property and limited the exemptions to the actual residence of the Debtor.

The case of *In re Oliver*, 228 B.R. 771 (Bankr.M.D.Fla.1998) involved a similar fact situation. The homestead exemption was limited to that portion of the property on which the Debtor actually resided but not to the portion that was rented out. In *In re Nofsinger*, 221 B.R. 1018 (Bankr. S.D.Fla.1998), the debtor sought a homestead exemption for real property on which there was his residence and a storage shed. The debtor leased to a corporation a portion of the property on which the storage shed was located and, just like in the present instance, the property was owned by the debtor jointly with his ex-wife. In *Nofsinger*, the debtor leased the same portion of the property to a third party who also used the shed for commercial purposes. As in the instant case, the rented portion of the property was indivisible from the residence. The claim of homestead was rejected. The court based its decision in part on the analysis of the claim in the case of *In re Englander*, 156 B.R. 862 (Bankr.M.D.Fla.1992). There the claim was rejected on the basis that under the "plain language" of the Florida constitution, the homestead exemption only extends to that portion of the property which the Debtor uses as his residence and cannot include any portion which is rented to or occupied by a third party or used by a third party as his own business.

In *Englander* the court held that when the property is indivisible the sale of the entire property and the apportionment of the proceeds is a fair and equitable solution which gives full credit to the Debtor's homestead exemption claim.

Similar reasoning was followed in the case of *In re Baxt*, 188 B.R. 322 (Bankr. S.D.Fla.1995) where the Debtor's residence was located on real property in excess of the ½ acre limitation of property in a municipality (Article X Sec. 4(a)(2)) and local zoning ordinances prohibited the Debtor from subdividing the land. In *Baxt*, the Court held that despite the fact that the land cannot be legally subdivided a strict interpretation of the ½ acre limitation by the Constitution requires it to limit the exemption to the land within the limitation and disallow the claim of homestead exemption as to the remainder of the property which exceeded the limit.

■ Concerning the facts and circumstances in this instance, this Court is satisfied that the subject property was acquired for and the structure at issue was built for commercial use. In the instant case the structure was rented to third parties for nearly three years. There is no evidence in this record that the Debtor actually ever used this structure for any purpose other than as rental property.

It is the contention of counsel for the Debtor that because the land cannot be subdivided, the Debtor is entitled to claim the entire parcel as her homestead. This proposition was also urged and rejected in *In re Englander, supra,* and in *Nofsinger, supra,*

Based on the foregoing this Court is satisfied that the Debtor's homestead

claim to the entire parcel cannot be allowed as matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the objection is sustained and the claim to the entire parcel as homestead property is disallowed and the homestead claim shall be limited to the actual residence.