**In re Robert S. McLACHLAN, Debtor.**

**No. 98–16024–8B7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 23, 2001.

D. Turner Matthews, Matthews & Lambrecht, P.A., Bradenton, FL, for debtor.

Herbert R. Donica, Herbert R. Donica, P.A., Tampa, FL, for Chapter 7 Trustee.

Andrea P. Bauman, Highland City, FL, Chapter 7 Trustee.

## ORDER ON MOTION FOR SUMMARY JUDGMENT ON TRUSTEE'S SECOND OBJECTION TO DEBTOR'S EXEMPTIONS

THOMAS E. BAYNES, Jr., Chief Judge.

THIS CAUSE came on for final evidentiary hearing December 14, 2000 on the Trustee's Second Objection to the Debtor's Exemptions concerning the issue of homestead. Creditor, John Allen Parvin ("Parvin"), joined in the Objection, and the Debtor opposed the Objection. The merits of the objection concerning homestead and the Debtor's opposition are also the subject of a Motion for Partial Summary Judgment filed by Parvin. At the scheduled final evidentiary hearing, the Court requested the parties provide briefs or legal memoranda on the following question: Whether the 1968 Constitution of the State of Florida allows a debtor to claim homestead for a section of land which is outside a municipality, notwithstanding the use of any part of that homestead. *See* Transcript Excerpt at p. 4, Docket No. 173.

The facts are simple, acknowledged by all, and are not in dispute. The Debtor, in December 1995, owned a parcel of land outside a municipality which was his and his wife's homestead. In December 1996, the Debtor acquired an adjacent and contiguous parcel of land. This parcel had a palm grove from which the Debtor sold palm trees from time to time. Both parcels of land are outside a municipality, and they meet the Florida Constitution's geographic limits to qualify as a homestead outside a municipality. *See* Fla. Const. art. X, § 4.

▮ The Debtor, on December 15, 1998, filed bankruptcy. The parcels of land are listed in the bankruptcy schedules as homestead. The Trustee and Parvin filed objections to Debtor's exemptions, taking the position the parcel of land acquired in 1996, upon which the Debtor has a palm tree nursery, cannot under the Florida Constitution be exempt as homestead. The Trustee in its Second Objection to Debtor's Exemptions, states:

Debtor has claimed certain real estate as exempt, however, Debtor has not provided the legal description,[1] and a portion of the property does not qualify for the homestead exemption.

Parvin's Objection to Property Claimed as Exempt, states:

Creditor objects to the claim of homestead of that portion of the real property not purchased as homestead, and used for commercial purposes, which was purchased with funds taken from Creditor fraudulently.

▮ Further, the Trustee also suggests as a proposition under the Florida Constitution, as amended, that the homestead exemption is limited to actual residence of the owner.[2] The objecting parties, having the burden of proof, further argue the 1968 amendment to the Florida Constitution precludes any parcel of land from being claimed as homestead if it is used to produce income by virtue of the removal of the words "business house" from the Florida Constitution. The Trustee and Parvin rely on the District Court of Appeals decision in *First Leasing & Funding of Florida, Inc. v. Fiedler*, 591 So.2d 1152, 1153 (Fla. 2nd Dist.Ct.App.1992). Of course, if such was the case, every farm and ranch in the state of Florida would have no protection from creditors under the Florida Constitution. It is quite clear that prior to the 1968 amendment, the Supreme Court of Florida held the concept of homestead should be liberally construed. *See Havoco v. Hill*, 790 So.2d 1018, 1020, 1027 (2001) (citing *Milton v. Milton*, 63 Fla. 533, 58 So. 718, 719 (1912)); *see also Edward Leasing Corp. v. Uhlig*, 652 F.Supp. 1409, 1412 (S.D.Fla.1987). This Court finds such jurisprudence remains the law of the state. *See id.*

It should be noted the facts in this case do not concern the circumstance whereby the debtor/owner of the homestead leases a portion of that property to another party, thus destroying the residency aspect of the homestead required by the Florida Constitution. *See, e.g., In re Nofsinger*, 221 B.R. 1018, 1021 (Bankr.S.D.Fla.1998).

---

**1.** The mere absence of a legal description is not sufficient to destroy an exemption. It is easily obtained by anyone. In this case, because of the extensive amount of litigation and discovery, it is simple to conclude that every party knows all the assets at this time.

**2.** *See* Memorandum of Law in Support of Trustee's Objection to Homestead Exemption at pp. 4–5, Docket No. 177.

In conjunction with the residency requirement, it must be remembered a major aspect of this case concerns a homestead which is joined with a rural business occupation. Therefore, the mere allowance of a license, lease, profit, or granting of an incorporeal hereditament, which allows for a consistent occupation of the homestead property without negating the residency, should not be a basis for denying a homestead exemption.

■ Within this context, the use of the land for citrus groves, the grazing of cattle, the growing of animal feed, the digging of burrow pits, should not be a per se basis for eliminating the homestead exemption, unless it can be shown the debtor has abandoned or waived its homestead by such acts. *In re Shillinglaw*, 88 B.R. 406, 408 (S.D.Fla.1988) ("For example, the court has no doubt that a farmer who both farms and resides on his property would be entitled to the homestead exemption."). It should be noted the Trustee's reliance on *First Leasing* is not in concert with the facts. Clearly, that case, like *Nofsinger*, concerns the homeowner's leasing of a triplex to third parties and receiving income. *See First Leasing*, 591 So.2d at 1153. As stated, there is no lease to, or occupation by, a third party herein. Similarly, *In re Drake*, 106 B.R. 741, 742 (Bankr.M.D.Fla. 1989), concerns an adjacent lot. However, it is quite clear the *Drake* court was concerned with the intent of the debtor to have the adjacent lot be homestead. That the adjacent lot was not listed in the original bankruptcy schedules, was not shown as homestead in applications for financing, and had not received homestead tax exemption, were each factors in that court's

determination the debtor did not intend the adjacent property to be homestead.

As long as the residence and occupation of the homestead is consistent with use in a rural setting, the law allows a broad occupancy by the homeowner. Here it must be acknowledged the sole basis for the objection is the existence of an income producing grove. There is no legal authority which would support sustaining an objection to homestead because of income producing activity by the Debtor. In fact, the precedent falls the other way. *See Edward Leasing*, 652 F.Supp. at 1412–1417; *In re Haning*, 252 B.R. 799, 806 (Bankr.M.D.Fla.2000); Fla. Const. art. X, § 4(a); *Quigley v. Kennedy & Ely Insurance, Inc.*, 207 So.2d 431, 432–3 (Fla.1968).

In addition to the legal question raised by Trustee's and Parvin's objections to the exemptions, this Court has considered all arguments and evidence, including the entire record for this case, consistent with a ruling on a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (holding the standard of proof in summary judgment rulings is the same as it would be at trial); *Celotex v. Catrett*, 477 U.S. 317, 323–35, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (discussing the appropriate burdens of proof and types of evidence to use in summary judgment decisions); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (detailing the elements of summary judgment analysis). Additionally, if the Court finds it appropriate to do so, it may grant summary judgment in favor of the nonmoving party, here Debtor Robert McLachlan.[3]

---

**3.** *See* 10A **Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice** and **Procedure** § 2720 & n. 24 (3d Ed.1998).

The Court finds the Debtor may claim a homestead exemption under the 1968 Florida Constitution notwithstanding the use of the property under the facts of this case. The Objections to Debtor's claim of homestead exemption shall be overruled, and the Motion for Partial Summary Judgment[4] shall be denied. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Partial Summary Judgment filed by Parvin is denied, and summary judgment is granted favor of the Debtor, Robert McLachlan.

ORDERED, ADJUDGED AND DECREED that the Trustee's Second Objection to Debtor's Exemptions, and Parvin's Objection to Property Claimed as Exempt, are overruled as to Debtor's claim of homestead exemption. It is further,

ORDERED, ADJUDGED AND DECREED that a status conference to ascertain what issues, if any, remain for trial shall be held before the Honorable Thomas E. Baynes, Jr., in Courtroom 8B of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida on October 23, 2001, at 1:30 p.m.

---

4. Further, notwithstanding all the evidence produced and introduced, and the various contested matters, there is nothing beyond a bare allegation in the Motion for Partial Summary Judgment to substantiate an allegation that the funds used by the Debtor were taken fraudulently from Creditor, Parvin—particularly in light of the fact that the altercation between Parvin and the Debtor appears to have arisen subsequent to the purchase of the 1996 parcel.