**In re James Keith OLIVER, Jr., Debtor.**

**Bankruptcy No. 98–12149–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Nov. 30, 1998.

Benjamin G. Martin, Sarasota, FL, for Debtor.

Thomas S. Heidkamp, Fort Myers, FL, Trustee.

## ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is Trustee's Objection to Claim of Exemption, filed by Thomas S. Heidkamp (Trustee). The Order Directing Response to Objection to Exemptions was entered by this Court on August 25, 1998 and since no response was filed, the Order Sustaining Trustee's Objection to Claim of Exemption was entered by this Court on September 15, 1998. On September 17, 1998, Debtor's Response to Order Directing Response to Objection to Exemptions was filed along with a Motion for Relief From Order Sustaining Objection to Claim of Exemptions. Inasmuch as the Debtor established excusable neglect for his failure to respond to the Trustee's Objection to Claim of Exemption, this Court entered its Order on Debtor's Motion for Relief From Order Sustaining Trustee's Objection granting the relief requested as it related to the Debtor's claim of his duplex as homestead. Thus, the matter under consideration is the Trustee's Objection to the Debtor's claim of his entire duplex, located at 11049 Reims Avenue, Englewood, Florida, as homestead.

Article X, § 4 of the Florida Constitution was amended in 1968 to eliminate the reference to business property and now states that homestead shall consist of the following property owned by a natural person:

> [A] homestead if located outside a municipality, to the extent of 160 acres of contiguous land and improvements thereon ... or if located within a municipality, to the extent of one half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family.

The clear reading of this Section leads to the conclusion that the Debtor is entitled to an exemption only for his residence and not for the part of the duplex which is rented out. The elimination of the business property reference from Article X, § 4 shows unequivocal intent to limit homestead exemptions to the residence of the owner and to disallow any claim for an exemption that exceeds the residence of the owner. *See In re Aliotta*, 68

B.R. 281 (Bankr.M.D.Fla.1986)(debtors entitled to homestead exemption for apartment used as residence, not for the other three units in the building which were rented); *In re Wierschem*, 152 B.R. 345 (Bankr.M.D.Fla.1993)(debtors' homestead exemption was limited to the unit, in the three unit structure, which was used as their residence); *In re Nofsinger*, 221 B.R. 1018 (Bankr.S.D.Fla.1998)(debtor's homestead exemption cannot extend to any portion of the property which is rented to and occupied by a third party or used by the third party as his own business).

In view of the foregoing, the Trustee's Objection to Claim of Exemption should be sustained in part. The Debtor's claim of homestead exemption is limited to the unit actually used as his residence. The part of the duplex which is rented out is not exempt as homestead.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to Claim of Exemption be, and the same is hereby, sustained in part. The Debtor's homestead exemption is limited to the part of the duplex which is actually used as his residence. The part of the duplex which is rented out is not exempt as homestead.

DONE AND ORDERED.